Present:  All the Justices

THELMA E. HAWKINS
                            OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 971154          February 27, 1998

COMMONWEALTH OF VIRGINIA/
SOUTHSIDE VIRGINIA TRAINING CENTER

            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    James F. D'Alton, Jr., Judge

     In this appeal, we construe Code § 65.2-313, a statute

added in 1994 to the Virginia Workers' Compensation Act, Code

§§ 65.2-100 through -1310.  We consider whether a circuit court,

and not the Workers' Compensation Commission, in ruling upon an

employer's petition for reimbursement of compensation benefits

paid, has jurisdiction to decide the amount of an employee's

future benefits, when the employee has recovered from a third-

party tortfeasor a sum greater than the amount of the past

benefits.

     On February 7, 1994, appellant Thelma E. Hawkins, the

employee, sustained a compensable back injury in an industrial

accident while working for the Commonwealth of Virginia at the

Southside Virginia Training Center located in Dinwiddie County.

She sustained a herniated cervical disk that damaged her spinal

cord.  Pursuant to a memorandum of agreement between the

employee and the employer, the Commission entered an award under

the Act in December 1994 for payment of temporary total

disability benefits, the reasonable cost of medical care, and attorney's fees.

In February 1995, the employee filed an action for damages in the court below against a number of physicians who "attended" or treated her following the accident.  She alleged the defendants had been guilty of medical negligence for, among other things, failing to timely diagnose and appropriately treat the spinal cord injury that caused her present condition of quadriplegia.

In July 1996, while the action was pending, the employer filed the petition that generated the present dispute. Proceeding pursuant to Code § 65.2-310, the employer alleged that it had paid "indemnification benefits" to the plaintiff-employee pursuant to the Act and had "incurred expenses for medical bills arising out of the incident which is the subject of the [pending] action" totalling $229,150 on the date the petition was filed.  The employer further alleged that it was entitled to recover the amount it had already paid the plaintiff-employee, including both compensation benefits and medical expenses, "should this case proceed to judgment for the plaintiff or settlement."

The employer asked the court to enter an order requiring the parties to "ascertain the amount of compensation paid and expenses for medical, surgical and hospital attention and

2

supplies incurred by the employer" under the Act.  The employer also asked the court to require "the judgment debtor to pay such compensation and expenses," less the employer's "share of expenses and attorney's fees, so ascertained by the court, out of the amount of the judgment" or settlement, as provided in § 65.2-310.

The malpractice action was settled for $850,000.  In the August 1996 order dismissing the action, the court retained "jurisdiction over the issue of the Employer's lien herein asserted."  Reciting that the employee and the Commonwealth-employer "dispute the validity of the asserted lien and the amount thereof," the court ordered the sum of $230,000 withheld from the settlement proceeds "until such time as the issues relating to the amount, and extent, if any, of any lien claimed by" the employer were resolved by the court.

Upon consideration of deposition testimony, documentary evidence, and argument of counsel, the trial court entered the March 1997 order from which we awarded the employee this appeal. The order provides:  "[T]he Court finds that the Commonwealth's lien amounts to $127,948.00 for medical expenses and the Commonwealth is not entitled to any lien for indemnity paid through July 6, 1996.  The Court finds that the Commonwealth's proportionate share of attorney's fees and costs is 31.7%." The order further provides that the employee reimburse the

3

Commonwealth the foregoing sum less $40,559.52 for the Commonwealth's proportionate share of attorney's fees and costs in the third-party action, for a net payment of $87,388.48. On appeal, there is no dispute over these provisions.

The following sentence of the order is the subject of this controversy: "The Court further finds that the Commonwealth is entitled to a credit equivalent to 68.3% of (1) indemnity benefits paid after August 27, 1996, and (2) a credit equivalent to 68.3% of all medical expenses accrued after July 6, 1996, until such time as these indemnity benefits and medical expenses total $493,162.00."

On appeal, the employee presents the following questions. First, "Where the employer's petition sought a determination under § 65.2-310 of the amount of its lien based upon $229,150.00 in payments through July 6, 1996, did the trial court have jurisdiction to decide the worker's continuing compensation benefits arising after July 6, 1996 under" the Act?

Second, "Assuming the trial court had jurisdiction to decide the claimant's rights after July 6, 1996, did the Commonwealth bear its burden of proving the extent to which third-party medical negligence increased its indemnity liability?"

Resolution of the first question is dispositive of this appeal. Therefore, we shall not address further the second question.

Several statutes within the Act are relevant here. Code § 65.2-700 deals with the jurisdiction of the Workers' Compensation Commission and specifies:

> "All questions arising under this title, if not settled by agreements of the parties interested therein with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided."

Code § 65.2-310, under which the Commonwealth proceeded in this case, furnishes protection to an employer when an employee sues third parties and provides as pertinent:

> "In any action by an employee . . . against any person other than the employer, the court shall, on petition . . . of the employer at any time prior to verdict, ascertain the amount of compensation paid and expenses for medical, surgical and hospital attention and supplies . . . incurred by the employer under the provisions of this title and deduct therefrom a proportionate share of such amounts as are paid by the plaintiff for reasonable expenses and attorney's fees as provided in § 65.2-311; and, in event of judgment against such person other than the employer, the court shall in its order require that the judgment debtor pay such compensation and expenses of the employer, less said share of expenses and attorney's fees, so ascertained by the court out of the amount of the judgment, so far as sufficient, and the balance, if any, to the judgment creditor."

Code § 65.2-311 apportions attorney's fees and expenses between the employer and employee in an action under § 65.2-310 and provides as pertinent:

5

"In any action, or claim for damages, by an employee . . . against any person other than the employer, . . . if a recovery is effected, either by judgment or voluntary settlement, the reasonable expenses and reasonable attorney's fees of such claimant[] shall be apportioned pro rata between the employer and the employee . . . as their respective interests may appear."

In 1994, the General Assembly adopted Code § 65.2-313, the statute that is at the center of this dispute. Acts 1994, ch. 586. As pertinent, the statute provides:

"In any action or claim for damages by an employee . . . against any person other than the employer under § 65.2-310, . . . if a recovery is effected, the employer shall pay to the employee a percentage of each further entitlement as it is submitted equal to the ratio the total attorney's fees and costs bear to the total third-party recovery until such time as the accrued post-recovery entitlement equals that sum which is the difference between the gross recovery and the employer's compensation lien. In ordering payments under this section, the Commission shall take into account any apportionment made pursuant to § 65.2-311.

For the purposes of this section, 'entitlement' means compensation and expenses for medical, surgical and hospital attention and funeral expenses to which the claimant is entitled under the provisions of this title, which entitlements are related to the injury for which the third-party recovery was effected."

On appeal, the Attorney General, urging affirmance, refers to § 65.2-313 and notes it applies to "any action" under § 65.2-310. Thus, he argues, because the matter was pending in the circuit court upon the employer's petition, "there can be no question that this matter arose in an action under § 65.2-310," and that the circuit court had jurisdiction.

6

The Attorney General insists that "the plain language" of §§ 65.2-310 and -313 does not limit a circuit court's authority "to considering only those events occurring on or before the date of the petition." He points out that § 65.2-310 states "the court shall" ascertain the amount of "compensation paid" and "expenses . . . incurred." He says this language shows "a circuit court's jurisdiction is continuing in nature, encompassing all compensation paid and expenses incurred" under the Act.

Continuing, the Attorney General contends the second sentence of § 65.2-313 additionally "provides direction to the Commission, requiring that when the Commission is ordering payments under § 65.2-313, it shall follow the apportionment previously made pursuant to § 65.2-311." He maintains that if the General Assembly meant the Commission to have exclusive jurisdiction "for such determinations," the first sentence of § 65.2-313 "would have explicitly stated 'the Commission shall,' as was done in the second sentence."

We do not agree with the Attorney General. Before we proceed to construe § 65.2-313, we shall review the state of the law, relevant to the issue presented, at the time of the statute's 1994 enactment.

In Circuit City Stores, Inc. v. Bower, 243 Va. 183, 413 S.E.2d 55 (1992), this Court upheld a trial court's

7

apportionment of attorney's fees and expenses under the Act with respect to a death claim when the employee had recovered from third-party tortfeasors. The Court stated that former Code § 65.1-42 (now § 65.2-310) "requires the trial court to consider only amounts actually paid by the employer in fixing the amount of the employer's lien," but that the statute "does not restrict the trial court's consideration to amounts actually paid in apportioning the attorney's fees." Id. at 188, 413 S.E.2d at 57. Thus, the Court approved apportionment of attorney's fees and expenses based on the entire amount of a fixed 500-week award.

In Bohle v. Henrico County Sch. Bd., 246 Va. 30, 431 S.E.2d 36 (1993), the Court considered the method to be used for apportioning attorney's fees and expenses under the Act when payment of compensation benefits to an injured employee had been suspended following a settlement between the employee and a third-party tortfeasor. The Court adopted the approach used by the Commission, that is, "once the employee's net third-party recovery is determined, the employee will be entitled to payment of no further compensation or medical expenses subsequent to the date fixed in the suspension order until the employee can establish that further benefit entitlements exceed the net amount received by the employee from the third-party recovery." Id. at 35, 431 S.E.2d at 39. We said, however, that "the

8

Commission has not foreclosed the payment of attorney's fees in increments as medical expenses and compensation benefits accrue during the suspension period."  Id.

Against this background and addressing the interests of employees and employers following a third-party recovery, the 1994 General Assembly acted by adopting legislation codified as § 65.2-313.

The Act (introduced as House Bill 1279) is not a model of clarity.  For an article describing the drafting of House Bill 1279, see Louis D. Snesil, Prorating the Costs of a Third-Party Recovery, The Journal of the Virginia Trial Lawyers Association, Summer 1994, at 26, 28 ("The final version of this statute was hammered out hurriedly by representatives of the compensation carriers and VTLA during a subcommittee meeting of the Senate Commerce and Labor Committee").

Thus, in construing the act we shall look first to its title.  A title may be read in an attempt to ascertain an act's purpose, though it is no part of the act itself.  Miller v. Commonwealth, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942).  The title reads:  "An Act to amend the Code of Virginia by adding in Chapter 3 of Title 65.2 a section numbered 65.2-313, relating to workers' compensation; suspension of benefits following recovery from third party."  Acts 1994, ch. 586.

Considering the title of the act together with the text of the statute, we conclude that § 65.2-313 contemplates a situation where there has been a suspension of benefits, as in Bohle, after the employee has recovered from a third-party tortfeasor a sum larger than the total of the past payments of benefits. We cannot determine from this record whether benefits have been suspended in this case. Nevertheless, that circumstance does not materially impact the jurisdictional question.

Turning to the statute, we note that nowhere is the word "court" used. Nonetheless, the legislature clearly intended for a circuit court to have jurisdiction because the opening clause refers to an "action" under § 65.2-310, which does authorize "the court" to proceed. The crucial issue then becomes: How far does the court's jurisdiction extend under § 65.2-313?

We hold that the circuit court's jurisdiction extends only to the point where it determines the amount of compensation benefits, as opposed to attorney's fees and costs, actually paid by the employer. This is confirmed by use of the past tense in § 65.2-310, "incurred by the employer," and by this Court's statement in Bower that the predecessor to § 65.2-310 "requires the trial court to consider only amounts actually paid by the employer in fixing the amount of the employer's lien." 243 Va. at 188, 413 S.E.2d at 57.

10

We further hold that § 65.2-313 permits the circuit court to apportion attorney's fees and costs based on the amount of benefits paid in the past, and benefits to be paid in the future until, in the language of § 65.2-313, "the accrued post-recovery entitlement equals that sum which is the difference between the gross recovery and the employer's compensation lien." This is consistent with the Court's statement in Bower that the precedessor to § 65.2-310 "does not restrict the trial court's consideration to amounts actually paid in apportioning the attorney's fees." 243 Va. at 188, 413 S.E.2d at 57.

This construction comports with the structure of § 65.2-313, which, in the first sentence, sets forth the formula for computing the amount the employer "shall pay," and refers, in the second sentence, to the Commission "ordering payments" – the court sets the apportionment percentage and the Commission orders the amount of the future payments taking "into account" the apportionment percentage.

Stated differently, and incorporating the statutory language, the employer is liable for payment "of each further entitlement as it is submitted" based upon a percentage "equal to the ratio the total attorney's fees and costs bear to the total third-party recovery" until the time when "the accrued post-recovery entitlement equals that sum which is the difference between the gross recovery and the employer's

11

compensation lien." When the circuit court has fixed that percentage and has determined the amount of the lien for payment of past benefits, the Commission enters the picture and orders the appropriate payments to be made, taking into account the apportionment percentage fixed by the court. See Eghbal v. Boston Coach Corp., 23 Va. App. 634, 638-39, 478 S.E.2d 732, 734-35 (1996) (summary of Commission's manner of calculation of offset due employer under § 65.2-313).

Our conclusion is buttressed by the provisions of Code § 65.2-700 granting jurisdiction to the Commission over all questions arising under the Act, "except as otherwise herein provided." We do not believe § 65.2-313 plainly provides "otherwise" as to future payments.

Turning to the order that is the subject of this appeal, we shall apply the foregoing analysis. In the order, the trial court fixed the amount of the Commonwealth's lien for medical expenses, determined the Commonwealth was not entitled to any lien for past compensation, and set the proportionate share of attorney's fees and costs at a fixed percentage. The trial court acted within its jurisdiction in making these rulings, and they are not contested on appeal.

However, the court improperly undertook to apply the apportionment percentage to compensation benefits to be paid and medical expenses to be incurred in the future "until such time

12

as these indemnity benefits and medical expenses total $493,162.00." (This figure apparently equals a sum that is the difference between the gross third-party recovery and the employer's lien on the amount of the recovery.) This was beyond the court's jurisdiction and was error, for the reasons that we have articulated.

Accordingly, the order from which this appeal is taken will be affirmed, in part, and reversed, in part. We will modify the order by striking the contested third sentence of the second paragraph of the order, and will enter final judgment upon the order as modified.

Affirmed in part,
reversed in part,
modified, and final judgment.