COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Humphreys and McClanahan
Argued at Richmond, Virginia


JEFFREY A. McKNIGHT

OPINION BY
v.        Record No. 0482-03-2          JUDGE ELIZABETH A. McCLANAHAN
                                        JUNE 1, 2004
WORK ENVIRONMENT ASSOCIATES
 AND TRAVELERS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Jay J. Levit (Levit, Mann, Halligan & Warren, P.C., on briefs),
for appellant.

Francis G. Marrin (Law Offices of Roger S. Mackey, on brief),
for appellees.


Jeffrey McKnight (claimant) appeals from a decision of the Virginia Workers'

Compensation Commission allowing his employer an offset on claimant's future entitlements for

a portion of a settlement claimant recovered from a third-party tortfeasor.  Claimant contends

that the commission erred in finding that Code § 65.2-313 requires such offset, because the

third-party settlement did not exceed the employer's compensation lien prior to the lien being

compromised.  For the reasons that follow, we affirm the commission.

I.  Background

On appeal from a decision of the commission, "we view the evidence in the light most

favorable to the party prevailing below" and grant that party the benefit of all reasonable

inferences.  Tomes v. James City (County of) Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312,

315 (2002) (citation omitted); Grayson Sch. Bd. v. Cornett, 39 Va. App. 279, 281, 572 S.E.2d

505, 506 (2002); Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124

(1997). On August 28, 1998, claimant suffered compensable head and back injuries when he fell through the roof of a building. Claimant was working as an industrial hygienist for an environmental consulting company, under contract to the Virginia Department of Transportation (VDOT). By agreement of the parties, the commission entered an award on September 29, 1998, providing for payment of medical benefits and temporary total disability benefits. Claimant's benefits were reduced to partial temporary benefits starting November 10, 1998, based on claimant's post-injury wages. He currently receives temporary partial benefits pursuant to an award entered April 22, 2002.

In late 2001, claimant settled a third-party lawsuit against VDOT. The parties have stipulated that at the time of the settlement, employer had paid approximately $100,000 in medical and indemnity benefits to claimant. Prior to the settlement, employer agreed to reduce its $100,000 lien to $12,000 and consented to claimant's settlement with VDOT for $36,000. The parties verbally agreed that the employer would settle its lien for $12,000 from the proceeds of the settlement. When claimant requested that the settlement papers with employer reflect that claimant's future benefits not be affected, employer told claimant that it was due an offset on future entitlements for claimant's remaining recovery pursuant to Code § 65.2-313.[1] Claimant disagreed, contending that employer had fully compromised its lien, in effect, waiving any offset against future benefits.

The deputy commissioner denied the employer an offset, concluding that the language, "employer's compensation lien" in Code §65.2-313, means the actual amount of compensation benefits paid up to the time of the third-party settlement – not the compromised lien amount. The commission disagreed with the deputy commissioner's analysis and reversed on the basis

---

[1] The parties did not ask the commission or the Court to interpret their agreement as to whether employer waived its right to an offset. Instead, the parties limited their arguments to statutory construction. We do not, therefore, address the contract issue.

that an "employer has a right of subrogation against an employee's third-party claim to the <u>full</u> <u>extent</u> of the benefits it has paid under the Act." The commission, quoting <u>Artrip v. Kerns</u> <u>Bakeries, Inc.</u>, 75 OWC 207 (1996), stated that "'the purpose of the [subrogation] section is to reimburse an employer for added expenses incurred as a result of the negligence of a third party and to prevent an employee from obtaining a double recovery of funds already paid to him by his employer.'"

## II. Analysis

Claimant raises a purely legal question on appeal. Although we defer to the commission in its role as fact finder, we "review questions of law *de novo.*" <u>Rusty's Welding Serv., Inc. v.</u> <u>Gibson</u>, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (citation omitted).

The issue before us is whether the employer is entitled to an offset for post-settlement indemnity and medical payments when the third party settlement did not exceed the employer's compensation lien prior to the lien being compromised. When employers are asked by employees and/or third parties to compromise a lien in order to facilitate a third-party settlement, employees lose future benefits unless the employer otherwise agrees. <u>See</u> <u>Henry's Wrecker</u> <u>Serv. Co. v. Smoot</u>, 35 Va. App. 365, 371, 545 S.E.2d 551, 554 (2001) (citing <u>Safety-Kleen</u> <u>Corp. v. Van Hoy</u>, 225 Va. 64, 70, 300 S.E.2d 750, 754 (1983)). The compromise is often conditioned on the employee settling the case with the third party. Once a settlement has been achieved, the employer is reimbursed for the benefits it has already paid to the employee, and it is discharged from liability for future benefit payments to the extent that the recovery from the third party is sufficient to satisfy the amount already expended. <u>See</u> <u>Bohle v. Henrico County</u> <u>Sch. Bd.</u>, 246 Va. 30, 35-36, 431 S.E.2d 36, 39-40 (1993); <u>Safety-Kleen Corp.</u>, 225 Va. at 70-71, 300 S.E.2d at 754.

Although the employer paid about $100,000 in benefits to claimant, it agreed to compromise its lien to $12,000. After the $12,000 was deducted from the $36,000 recovery, the claimant received $24,000 from the third-party settlement. The claimant argues that he is entitled to a full recovery of the $24,000 recovered in tort without any credit to the employer because the lien was compromised. This argument overlooks the fact that the employer already has paid the claimant's indemnity and medical losses and gave claimant the benefit of a lien reduced by $88,000. Because he settled the third-party claim, the claimant received $24,000, less attorneys' fees and costs, to which the employer contributed. Not only does he have the present use of the money, he would not have to repay it if he recovers from his injury and can work before the offset is applied.

Neither Hawkins v. Commonwealth, 255 Va. 261, 267, 497 S.E.2d 839, 841 (1998), nor the other case referred to by the deputy commissioner, Rodgers v. Giant Food, Inc., VWC File No. 145-82-01 (Feb. 27, 1996), dealt with a reduced lien. These cases stand for the general proposition that if the third-party recovery is less than the past payment of benefits, then there can be no offset, because the claimant has no recovery. (In that situation, the entire third-party recovery would be used to pay the employer's lien.) Here, the third-party settlement was less than the past payment of benefits, but the claimant had a recovery from the settlement because the employer compromised its lien.

Code § 65.2-313 provides the method of determining an employer's offset against future entitlements when the third-party recovery is greater than the employer's compensation lien. Code § 65.2-313 does not address the situation where the employer agrees to reduce its compensation lien pursuant to a settlement reached between the parties. Nor does the prior case law. Code § 65.2-313 presumes that the employer is entitled to an offset, and addresses only

how the parties are to calculate the attorneys' fees and costs for purposes of the offset. We must, therefore, look to the policy of the Act and the intent of the subrogation statutes to answer the question before us.

Fundamentally, the policy of the Act is to allow the employee one remedy for his or her injury. See Code § 65.2-307. The purpose of the subrogation section is to reimburse an employer for expenses incurred as a result of the negligence of a third party and to prevent an employee from obtaining a double recovery of funds already paid to him by his employer. Noblin v. Randolph Corp., 180 Va. 345, 358-59, 23 S.E.2d 209, 214-15 (1942). "'[T]he express inclusion of the subrogation provision in Workmen's Compensation Acts prevents the employee from acquiring for a single injury two separate remedies -- the one, in tort, against the third party tort-feasor, the other, in contract, under the Workmen's Compensation Act . . . .'" Snead v. Unum Life Ins. Co. of Am., 35 F.3d 556, 556 n.1 (4th Cir. 1994) (quoting Crab Orchard Improv. Co. v. Chesapeake & Ohio Ry. Co., 115 F.2d 277, 279 (4th Cir. 1940), cert. denied, 312 U.S. 702 (1941)). The third-party recovery is for the benefit of the employer up to the amount it has paid in indemnity benefits under the Act. Once a recovery has been made, the employer is entitled to reimbursement for whatever amounts it has expended for the benefit of the injured employee. Sheris v. Travelers Ins. Co., 491 F.2d 603, 605 (4th Cir.), cert. denied, 419 U.S. 831 (1974). Otherwise, the employee acquires two remedies for a single injury – one in tort against the negligent third party, and the other under the Act.

For these reasons, we agree with the commission's interpretation of the interplay between the employer's compensation lien and an offset.

III. Conclusion

Therefore, the employer is entitled to an offset against its future workers' compensation liability for the amount of the claimant's recovery, less costs, calculated pursuant to Code § 65.2-313.  We affirm the decision of the commission.

Affirmed.