COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Malveaux and Callins
Argued at Richmond, Virginia


FAWN GOODE

                                                      MEMORANDUM OPINION* BY
v.        Record No. 0290-24-2                   JUDGE MARY BENNETT MALVEAUX
                                                           MAY 13, 2025

VIRGINIA COMMONWEALTH UNIVERSITY, ET AL.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Richard H. Talbot (Geoff McDonald and Associates, on brief), for
            appellant.

            Jacqueline C. Hedblom, Senior Assistant Attorney General/Section
            Chief (Jason S. Miyares, Attorney General; Steven G. Popps, Deputy
            Attorney General; Scott John Fitzgerald, Senior Assistant Attorney
            General, on brief), for appellees.


        Fawn Goode appeals a third-party order entered by the Workers' Compensation

Commission involving a settlement that she received from the third-party tortfeasor who injured

her.  She contends that the Commission erred by entering a third-party order that suspended her

initial award order.  She also argues that the Commission erred in finding that Code § 65.2-313

cannot be harmonized with the rights and duties of the parties under an award of temporary total

disability.  Finding no error, we affirm.

                                      BACKGROUND

        Goode suffered a compensable injury by accident on May 21, 2019, consisting of contusions

to her left and right hips and a right shoulder sprain.  The Commission, in an order entered on

October 1, 2020 ("initial award order"), ordered VCU and the Commonwealth of Virginia

_____
        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

(collectively "VCU") to pay $767.94 per week in temporary total disability benefits beginning March 13, 2020 and lifetime medical benefits.

Goode also pursued a tort claim in circuit court against the third party allegedly responsible for her injuries. In 2023, she settled this claim for $500,000. After this settlement, VCU requested a third-party order memorializing its lien against the settlement proceeds per Code § 65.2-309, which the Commission entered on June 22, 2023 ("initial third-party order"). This order provided that VCU was "entitled to a credit in the amount of $268,880.20 against its liability for additional compensation payments and medical expenses" and that Goode "remain[ed] entitled to a reimbursement of attorney's fees and expenses at the rate of 41.58% of any additional compensation and/or medical entitlements as they are incurred." Neither party sought review of this order.

On its own motion, the Commission entered an amended third-party order ("second third-party order") on June 28, 2023. This order terminated the Commission's initial award order, awarded Goode "temporary total benefits of $319.31 per week beginning May 5, 2023 and continuing until conditions justify modification thereof," and provided that the "remaining amount of $448.63 [would] be withheld by the insurance carrier weekly until the full amount of the credit is exhausted or conditions justify modification thereof."

VCU sought review of this order, arguing that the second third-party order erroneously converted the credit against future benefits into an award of temporary total benefits, with a portion held in abeyance until the credit was exhausted, contrary to the statutory scheme set forth in the Virginia Workers' Compensation Act ("the Act").

The Commission issued a review opinion and entered a modified third-party order on October 12, 2023 ("third third-party order"). The Commission, with one commissioner dissenting, agreed with VCU that the second third-party order "violate[d] the dictates of [Code

§] 65.2-313" because "[t]he statutory language contemplates a process incompatible with the inflexible, recurring obligation to pay imposed on an employer by means of a disability award." The opinion modified the second third-party order by deleting any reference to temporary total disability and instead providing that VCU was "entitled to an offset in the amount of $268,880.20 against its liability for additional entitlements" and that VCU would "pay [Goode] a sum equal to 41.58% of each entitlement" upon submission by Goode, to "continue until the post-settlement entitlements equal $268,880.20." The third third-party order, like the second, terminated the initial award order.

Goode moved to vacate the review opinion and third third-party order, asserting that she was not given the opportunity to respond to VCU's request for review of the second third-party order. The Commission vacated the third third-party order. The Commission subsequently issued a new review opinion and entered a modified third-party order on January 31, 2024 ("final third-party order"). In the review opinion, the Commission, with one commissioner dissenting, again found that the language of Code § 65.2-313 did not allow for the entry of a disability award as part of a third-party order. In the final third-party order, the Commission again deleted the reference to temporary total disability from the second third-party order, and provided that VCU "is entitled to an offset in the amount of $268,880.20 against its liability for additional entitlements" and that, for "each post-[settlement] entitlement, and upon submission by [Goode] . . . [VCU] shall pay the claimant a sum equal to 41.58% of each entitlement," such "reimbursements [to] continue until the post-settlement entitlements equal $268,880.20." But instead of terminating the initial award order, as the third third-party order did, the final third-party order suspended the initial award order. The Commission, in the review opinion, further stated that "[s]hould the claimant exhaust her tort proceeds in the payment of disability and

- 3 -

medical expenses, the employer's obligation to pay in full will be resurrected. That is the statute[']s intent, and that is how it works."

Goode now appeals to this Court.[1]

## ANALYSIS

On appeal, Goode presents three assignments of error. She argues that the Commission erred (1) by suspending the initial award order, (2) by modifying the second third-party order, instead of reversing it, and (3) by finding that the provisions of Code § 65.2-313 "cannot be harmonized with the rights and duties of the parties under an award of temporary total disability."[2]

It is well established that "[t]he [C]ommission's construction of the Act is entitled to great weight on appeal." *Wardell Orthopaedics, P.C. v. Colonna's Shipyard, Inc.*, 72 Va. App. 296, 301 (2020) (alterations in original) (quoting *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 702 (2012)). "But we review the Commission's determinations of law de novo." *Med. Mgmt. Int'l & Travelers Indem. Co. of Am. v. Jeffry*, 75 Va. App. 679, 684 (2022). "[W]e are 'not bound by the [C]ommission's legal analysis in this or prior cases.'" *Id.* at 685 (second alteration in original) (quoting *Peacock v. Browning Ferris, Inc.*, 38 Va. App. 241, 248 (2002)). "An issue of statutory interpretation is a pure question of law which we review de novo." *Ford Motor Co. v. Gordon*, 281 Va. 543, 549 (2011).

"[U]nless faced with an ambiguity or an absurdity, we accord the words of a statute their plain meaning." *Hartford Underwriters Ins. Co. v. Allstate Ins. Co.*, 301 Va. 460, 469 (2022). "[W]ords in a statute are to be construed according to their ordinary meaning, given the context in

---

[1] Goode had previously appealed the first review opinion issued on October 12, 2023, to this Court but moved to withdraw that appeal when the Commission vacated the review opinion on her motion. The Court granted Goode's motion to withdraw. *See Goode v. Virginia Commonwealth University*, No. 1950-23-2 (Va. Ct. App. Dec. 22, 2023) (order).

[2] Goode does not contest the formula used by the Commission to determine the amount of employer's credit or the percentage for reimbursement to her of the recovery costs.

which they are used." *Id.* at 468 (alteration in original) (quoting *City of Va. Beach v. Bd. of Supervisors*, 246 Va. 233, 236 (1993)).

Statutory Scheme

We begin our analysis by examining how a claimant's recovery from third-party tortfeasors is handled under the Act. "The Workers' Compensation Act . . . reflects a legislative quid pro quo that gave workers the right to assert no-fault liability against their employers . . . and took from them the right to sue their employers in tort for negligence." *Id.* at 469 (first alteration in original) (quoting *Lopez v. Intercept Youth Servs., Inc.*, 300 Va. 190, 196 (2021)). "[S]uch benefits are an injured employee's exclusive remedy for a workplace injury falling within the Act" as to her employer. *Id.* But the Act's exclusivity provision "does not apply . . . to a common law action for an employee's injury or death against an 'other party.'" *Id.* (alteration in original) (quoting *Napper v. ABM Janitorial Servs.-Mid Atl., Inc.*, 284 Va. 55, 62 (2012)). "For the purposes of the Act, a tortfeasor is considered an 'other party' when that person can be said to be a 'stranger' to the work or business of the employer." *Id.* at 470. However, while the Act "gives to the injured employee an opportunity to obtain one full recovery," it "prohibits him from receiving a double recovery for his injuries." *Noblin v. Randolph Corp.*, 180 Va. 345, 359 (1942). Accordingly, "[a]n employee injured in the course of employment by a negligent third party may pursue a common law remedy against the tort-feasor and a claim for compensation benefits under the . . . Act, but may obtain only one full recovery for the injury." *Skelly v. Hertz Equip. Rental Corp.*, 35 Va. App. 689, 698 (2001).

The Act achieves this goal—allowing only one recovery for a claimant's injury—through a specific set of statutes related to a claimant's recovery from third-party tortfeasors. Code § 65.2-309(A) provides that "[a] claim against an employer under this title for injury . . . shall create a lien on behalf of the employer against any verdict or settlement arising from any right to recover damages which the injured employee . . . may have against any other party for such injury."

"Colloquially known as a workers' compensation lien, the lien created by Code § 65.2-309(A) effectively requires an injured employee to reimburse an employer for the workers' compensation benefits it has paid, with the source of the reimbursement being any recovery that the employee" recovers in the course "of a common law claim against a 'stranger' tortfeasor." *Hartford Underwriters Ins. Co.*, 301 Va. at 471. Code § 65.2-310 then "operates to protect an employer's lien in an action brought by an employee . . . against a third party," *Liberty Mut. Ins. Co. v. Fisher*, 263 Va. 78, 84 (2002), by directing circuit courts to "ascertain the amount of compensation paid and [medical] expenses . . . incurred by the employer," and, if a judgment is obtained against a third party, "require that the judgment debtor pay such compensation and expenses of the employer," Code § 65.2-310. In addition, while the Act bars a claimant from receiving a double recovery at the employer's expense, it also prevents an employer benefitting without cost from a claimant's litigation costs incurred against the third-party tortfeasor. Code § 65.2-311 apportions attorney fees and expenses between the employer and claimant in an action under Code § 65.2-310, providing that if a judgment against a third party is obtained, "the reasonable expenses and reasonable attorney's fees of such claimants shall be apportioned pro rata between the employer and the employee . . . as their respective interests may appear." Code § 65.2-311(A).

Code § 65.2-313, the statute at the center of the parties' dispute, "contemplates those circumstances where a third party recovery is obtained that exceeds the amount of the employer's compensation lien," as is the case here. *Emberton v. White Supply & Glass Co.*, 43 Va. App. 452, 457 (2004). "Code § 65.2-313 presumes that the employer is entitled to an offset, and addresses . . . how the parties are to calculate the attorneys' fees and costs for purposes of the offset." *McKnight v. Work Env't Assocs. & Travelers*, 43 Va. App. 189, 195 (2004). The statute provides that

> [i]n any action or claim for damages by an employee, his personal representative or other person against any person other than the employer under [Code] § 65.2-310 . . . if a recovery is effected, the employer shall pay to the employee a percentage of each further

- 6 -

entitlement as it is submitted equal to the ratio the total attorney's fees and costs bear to the total third-party recovery until such time as the accrued post-recovery entitlement equals that sum which is the difference between the gross recovery and the employer's compensation lien. In ordering payments under this section, the Commission shall take into account any apportionment made pursuant to [Code] § 65.2-311.

For the purposes of this section, "entitlement" means compensation and expenses for medical, surgical and hospital attention and funeral expenses to which the claimant is entitled under the provisions of this title, which entitlements are related to the injury for which the third-party recovery was effected.

Code § 65.2-313.

### The Commission's Application of Code § 65.2-313

Here, VCU requested from the Commission a third-party order to implement the statutory scheme. At the time of recovery, Goode's third-party recovery exceeded the amount of VCU's workers' compensation lien. As such, pursuant to Code § 65.2-313, VCU was entitled to a credit against its liability for additional entitlements, but, while exhausting this credit, remained liable for the recovery costs, that is, Goode's attorney fees and costs for procuring the third-party recovery.

The parties do not dispute the foregoing conclusions. Goode challenges only the method in which the Commission structured the payment of additional entitlements under Code § 65.2-313. Although she frames it as three separate assignments of error, the disagreement between the parties can be stated as a single question—whether the Commission erred in *suspending* the initial award order. Rather than suspending the initial award order, Goode argues, the Commission should have "issu[ed] a third-party order that d[id] not terminate or suspend the [initial award order], but instead, state[d] that [VCU] is entitled to a credit pursuant to . . . Code § 65.2-313 against its liability for additional workers' compensation payments and medical expenses."

Based on the plain language contained in Code § 65.2-313, we conclude that the Commission's final third-party order in this case fully complied with the provisions of that statute.

Thus, we hold that it did not err in suspending the initial order until the satisfaction of VCU's credit against the third-party recovery.

Turning to the language of Code § 65.2-313, the statute first provides that, in any action against a third party by a claimant pursuant to Code § 65.2-310, "if a recovery is effected, the employer shall pay to the employee a percentage of each further entitlement" and that this percentage is "equal to the ratio the total attorney's fees and costs bear to the total third-party recovery." Code § 65.2-313. An entitlement is defined in the statute as "compensation and [medical] expenses . . . to which the claimant is entitled under the provisions of this title," which includes the disability benefits awarded to Goode in the initial award order. *Id.* The statute further provides that the payment of a percentage of each further entitlement continues until "the accrued post-recovery entitlement equals that sum which is the difference between the gross recovery and the employer's compensation lien," that is, until the employer's offset for the third-party recovery is exhausted. *Id.* But this payment is not automatic. Rather, the employer pays its share of the claimant's litigation costs of "each further entitlement *as it is submitted*." *Id.* (emphasis added). As such, the language of the statute does not contemplate that a claimant continues to automatically receive payments under Code § 65.2-313 as a claimant would under a disability award.[3] The plain language of the statute provides that an award providing entitlements to a claimant does not continue under Code § 65.2-313 but rather is converted into the employer's obligation to pay reimbursement for recovery costs for each further entitlement as it is submitted. This is to achieve the overall purpose of the statutory scheme—to not allow the claimant a double recovery—which would occur if the claimant was receiving benefits from the employer while the employer was entitled to an offset prior to the exhaustion of the third-party recovery. Accordingly, the

---

[3] In contrast, pursuant to Code § 65.2-500, a claimant under an award of total disability receives "a weekly compensation equal to 66 ⅔ percent of his average weekly wage," without the need to submit payments to the employer to receive the compensation. Code § 65.2-500(A).

Commission did not err in suspending Goode's initial award because once the third-party recovery occurred, VCU's obligation to pay Goode was in the form of payment for reimbursement for recovery costs when submitted to it by Goode, rather than continuing disability payments.

This approach—the suspension of an award order when a third-party recovery is obtained that exceeds the amount of the employer's workers' compensation lien—is also supported by our prior case law. In *Eghbal v. Boston Coach Corp.*, 23 Va. App. 634 (1996), this Court addressed the application of Code § 65.2-313 in such a situation. Our Court stated that, pursuant to Code §§ 65.2-310 and 65.2-311, "[u]pon realization of the third-party recovery, [the employer] was entitled to reimbursement for benefits that it had paid, less its proportionate share of recovery costs." *Id.* at 638-39. Then, pursuant to Code § 65.2-313, "[the employer] was *entitled to the suspension* of its liability for the payment of further benefits until the third-party recovery was exhausted" but "remained liable to [the claimant] for the recovery costs of each increment of offset, as it accrued." *Id.* at 639 (emphasis added). This is exactly how the Commission applied Code § 65.2-313 in the instant case—it suspended VCU's liability for the payment of further benefits until the third-party recovery was exhausted, but ordered that VCU remained liable to Goode for the recovery costs of each increment of offset, as it accrued. *See also Robinson v. Trego Stone Corp.*, 26 Va. App. 97, 99 (1997) ("Code § 65.2-313 . . . requires offset calculations and proportionate payments of litigation expenses incurred in obtaining a third-party award which *suspends*, in whole or in part, an employer's workers' compensation obligations." (emphasis added)).

Also, in analyzing Code § 65.2-313, our Supreme Court has stated that this statute applies when benefits have been suspended by the Commission. In *Hawkins v. Commonwealth/Southside Virginia Training Center*, 255 Va. 261 (1998), the Court noted that the title of the statute reads, "An Act to amend the Code of Virginia by adding in Chapter 3 of Title 65.2 a section numbered 65.2-313, relating to workers' compensation; *suspension of benefits* following recovery from third

party." *Id.* at 269 (emphasis added) (quoting 1994 Va. Acts ch. 586). The Court then stated, "Considering the title of the act together with the text of the statute, we conclude that [Code] § 65.2-313 contemplates a situation where there has been a suspension of benefits . . . after the employee has recovered from a third-party tort-feasor a sum larger than the total of the past payments of benefits." *Id.*

The plain language of the statute itself, and prior case law, indicate that the Commission did not err in suspending Goode's initial award and entering the final third-party order that conformed with the requirements of Code § 65.2-313. Here, the Commission suspended Goode's initial award order granting her total disability and medical benefits, and entered a final third-party order that provided that VCU was "entitled to an offset in the amount of $268,880.20 against its liability for additional entitlements" and that "[a]s to each post [recovery] entitlement . . . upon submission by [Goode] . . . [VCU] shall pay the claimant a sum equal to 41.58% of each entitlement," such "reimbursements [to] continue until the post-settlement entitlements equal $268,880.20." This procedure follows the requirements set forth in Code § 65.2-313—during the period where the employer is entitled to an offset, the statute requires the employer to pay the claimant only for reimbursement for litigation costs upon submission by the claimant, rather than continued disability payments. Thus, we conclude that the Commission did not err in its entry of the final third-party order.[4]

---

[4] On brief, Goode argues that

> [s]uspending the [initial award order] will unnecessarily call her entitlement to benefits under the Award into question, and as a result, permit [VCU] to dispute her entitlement to the benefits otherwise memorialized by her Award. There is no mechanism by which her entitlement to disability benefits will continue to accrue in the absence of her [initial award order].

Goode further speculates the suspension of her benefits pending exhaustion of VCU's offset from the third-party tort settlement will open the door to "absurd scenarios" in which employers

CONCLUSION

For the foregoing reasons, the Commission's judgment is affirmed.

*Affirmed.*

---

use a "host of tools" to deny benefits to a claimant post suspension, and require claimants to endure a "litigation merry-go-round" to get their benefits. But Goode does not cite any cases from the Commission or this Court where an employer disputed payments of reimbursement of litigation costs that were submitted by a claimant during an offset period. Instead, "[t]he proceeds of the third party recovery will remain in [Goode's] hands, as h[er] property, until such time as they are charged to [VCU's] offset . . . . However, as each increment of offset accrues to the benefit of [VCU], [VCU] will reimburse [Goode] the recovery costs attributable to that increment." *Eghbal*, 23 Va. App. at 639. And, here, the Commission did not terminate the initial award order, but merely suspended it. To suspend something is to "*temporarily* keep (a person) from . . . exercising a right or privilege." *Suspend*, *Black's Law Dictionary* (12th ed. 2024) (emphasis added). Here, the initial award order is suspended pending exhaustion of VCU's offset, not terminated. The Commission expressly found that, "[s]hould [Goode] exhaust her tort proceeds in the payment of disability and medical expenses, [VCU]'s obligation to pay in full will be resurrected. That is the statute[']s intent, and that is how it works."