COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


DAVID MICHAEL TOMLIN

v.   Record No. 2475-95-2                    OPINION BY
                                     CHIEF JUDGE NORMAN K. MOON
VANCE INTERNATIONAL, INC.                    MAY 21, 1996

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Gregory S. Hooe (Traylor & Morris; Joynes and
            Bieber of Richmond, P.C., on briefs), for
            appellant.

            Lynne J. Fiscella (Cotter, Fiscella &
            Carleton, on brief), for appellee.


     David Michael Tomlin appeals from the order of the Workers'

Compensation Commission holding that Vance International, Inc.

and its insurer did not waive subrogation rights in a settlement

of his compensation claim.  Because the employer unequivocally

waived its subrogation rights when it settled Tomlin's workers'

compensation claim, we reverse the commission's ruling.

     Tomlin was employed as a security guard by Vance

International.  On September 9, 1989, Tomlin was assaulted during

a riot and was severely injured.  After the accident, the

employer paid certain workers' compensation benefits pursuant to

the Minnesota Workers' Compensation Act.  Tomlin then elected to

file a claim in Virginia pursuant to Code § 65.2-508.  Vance

International denied the claim initially but ultimately accepted

it as compensable.  On September 5, 1991, Tomlin filed suit

against several third parties who were allegedly responsible for his injuries.

On April 8, 1992, Vance International and Tomlin forwarded to the commission a petition, order, and affidavit setting forth the terms of a settlement of Tomlin's workers' compensation claim. The commission approved the petition on April 15, 1992. At various times after that date, Tomlin settled his claims against the third parties. Vance International asserts that it is subrogated to Tomlin's claim against the third parties and is entitled to reimbursement from the third-party settlement funds. Tomlin maintains that Vance waived its subrogation rights when it settled the workers' compensation claim. Tomlin's counsel is holding the proceeds from the third-party settlements pending resolution of the subrogation issue.

The above facts were stipulated by the parties before the commission. The record also contains parol evidence in the form of correspondence exchanged by the parties during negotiations to settle the workers' compensation claim. The correspondence indicates that Vance International knew about the personal injury case in Minnesota and provided videos of the riot in order to assist Tomlin in that case. The correspondence also indicates that Tomlin was aware of "a potential worker's compensation lien being filed in Minnesota" and that Vance's assistance with the third-party claim was related to that lien in some manner.

The parties' petition to the commission provides, in

pertinent part:

> This compromise settlement shall be
> binding upon the Claimant, the employer
> and/or its insurer and is intended to be a
> full and final settlement of any claims,
> demands and obligations, between the Claimant
> and/or the employer, or its insurance carrier
> which might be asserted by the Claimant
> and/or employer, or its insurance carrier,
> pursuant to the Virginia Workers'
> Compensation Act, Virginia Code Section
> 65.2-100 et seq.
>
>   *    *    *    *    *    *    *
>
> The Claimant, employer and its carrier
> further represent that they understand and
> agree that this compromise agreement, upon
> approval, constitutes a full and final
> settlement of this claim and that the
> Claimant, employer and insurance carrier
> shall thereupon be forever released and
> discharged from any and all liabilities,
> past, present and future in connection with
> this case including but not limited to,
> benefits for work incapacity, vocational
> rehabilitation services, placement services,
> benefits for permanent disability, and any
> rights which might be alleged to arise under
> Virginia Code Section 65.2-100 et seq., . . . .

The commission's order approving the petition provides, in

pertinent part:

> it is hereby
> ORDERED that the employer and insurance
> carrier shall pay the sum of $86,000 to the
> Claimant in a lump sum and thereafter the
> parties shall be forever released and
> discharged from any and all past, present and
> future claims, demands and obligation [sic]
> in connection with this claim, including
> benefits for permanent disability, and rights
> which might be alleged to arise under
>
> Virginia Code Section 65.2-100 et seq., . . . .

We construe the evidence in the light most favorable to the

party prevailing below. States Roofing Corp. v. Bush Construction Corp., 15 Va. App. 613, 616, 426 S.E.2d 124, 126 (1993). The commission's factual findings will not be disturbed on appeal if supported by credible evidence. Bullion Hollow Enterprises, Inc. v. Lane, 14 Va. App. 725, 730, 418 S.E.2d 904, 907 (1992). When the facts are undisputed, their interpretation is a matter of law. Wells v. Commonwealth, Department of Transportation, 15 Va. App. 561, 563, 425 S.E.2d 536, 537 (1993). We are not bound by the commission's determination of legal questions. Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993).

Under the Workers' Compensation Act, the employer/insurer is subrogated to an employee's rights against a third party responsible for the injuries giving rise to the payment of compensation. Code § 65.2-309(A). The purpose of the statute is to reimburse an employer who is compelled to pay compensation as a result of the negligence of a third party and to prevent an employee from obtaining a double recovery of funds. See Gartman v. Allied Towing Corp., 467 F. Supp. 439, 440 (E.D. Va. 1979). The employer's subrogation rights are triggered automatically when the injured employee files a claim against the employer and thereby assigns to the employer any claims against third parties. Code § 65.2-309(A); Wood v. Caudle Hyatt, Inc., 18 Va. App. 391, 395-96, 444 S.E.2d 3, 6-7 (1994).

The commission agreed that the employer can waive its subrogation rights as part of a settlement but held that such a waiver must be in "clear and unequivocal language." The commission found that the petition contained no language that could be construed as a waiver. The commission also stated that "[t]he parties were well aware of the pending third-party claim when the workers' compensation claim was settled," and to that extent took parol evidence into account when making its decision.

It is well established that the employer/carrier can waive subrogation rights as part of a settlement. See Connell v. Aetna Life & Casualty, 436 A.2d 408, 410-11 (Me. 1981); Stephenson v. Martin, 259 N.W.2d 467, 470-71 (Minn. 1977); Welch v. Arthur A. Fogarty, Inc., 255 A.2d 627, 630-31 (Conn. 1969); 2A Arthur Larson, The Law of Workmen's Compensation, § 74.31(e), at 14-517 (1983). There is also substantial authority to the effect that the waiver need not be express, but can be inferred from the language of the settlement agreement. 2A Larson, supra, § 74.17(a), at 14-428; see also Stephenson, 259 N.W.2d at 470. However, accepting the commission's standard of a "clear and unequivocal" waiver, we hold that Vance International waived its subrogation rights when it settled the workers' compensation claim.

The settlement provides that the parties are released from all claims, demands, and obligations in connection with Tomlin's workers' compensation claim, and "any rights which might be

- 5 -

alleged to arise under Virginia Code Section 65.2-100," the Workers' Compensation Act. Subrogation rights "arise" under the Workers' Compensation Act, and arose here "in connection with" Tomlin's claim. This language clearly and unequivocally waives Vance International's subrogation rights. See Welch, 255 A.2d at 631 (court interpreted similar language as unambiguously waiving the employer's right to recoup compensation from settlement funds; court also noted that the settlement did not reserve the right to recoupment nor did the parties inform the commissioner who approved the settlement of any intent to reserve that right).

Where a written instrument is clear and explicit and can be interpreted based on the ordinary meaning of the language used, the parties' intent is clear and cannot be altered through parol evidence. Nelson v. Commonwealth, 235 Va. 228, 246, 368 S.E.2d 239, 249 (1988); Amos v. Coffey, 228 Va. 88, 92, 320 S.E.2d 335, 337 (1984). Because the language of the settlement was clear, it was error for the commission to use parol evidence to interpret the parties' intent. For these reasons, we reverse the commission's decision.

                                    Reversed and dismissed.