COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Ortiz and Chaney
Argued at Lexington, Virginia

COREY M. STOWERS

v.      Record No. 0333-21-3

GEORGIA PACIFIC, LLC AND
 OLD REPUBLIC INSURANCE COMPANY
 OF NORTH AMERICA

MEMORANDUM OPINION* BY
JUDGE VERNIDA R. CHANEY
MARCH 29, 2022

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Joseph A. Sanzone (Sanzone & Baker, L.L.P., on brief), for
appellant.

Andrew H.D. Wilson (Two Rivers Law Group, P.C., on brief),
for appellees.

Corey Stowers ("Stowers") appeals the decision of the Virginia Workers' Compensation

Commission ("the Commission") granting the appellees, Georgia Pacific, LLC and Old Republic

Insurance Company of North America (collectively, "the employer"), a credit against the

employer's future liabilities for Stowers' compensation payments and medical expenses based on

Stowers' settlement of a federal civil action against a third party. Stowers filed a product

liability claim against a third-party safety equipment manufacturer seeking damages for his at-

work injuries, including, *inter alia*, pain and suffering damages, which are not covered by the

benefits under the Virginia Workers' Compensation Act ("the Act"). In his single assignment of

error, Stowers contends that the Commission erred in interpreting Code § 65.2-309 in deciding

that "non-compensable damage recoveries" from the third-party settlement are subject to the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

employer's statutory right to subrogation.[1]  For the following reasons, we affirm the Commission's decision.

## I.  BACKGROUND

The essential facts are not in dispute.  In March 2015, Stowers suffered serious injuries in a work-related accident at the employer's industrial plant in Gladys, Virginia.  While Stowers was performing routine maintenance on an enormous machine that was turned off, the conveyor system started unexpectedly.  A safety-lock hasp used to prevent the inadvertent starting of the equipment failed to remain rigid, causing the equipment to turn on.[2]  The engagement of the equipment set in motion a flying chain that repeatedly struck Stowers.  Stowers suffered a fractured skull, broken bones, and other severe injuries.

The employer agreed to pay workers' compensation benefits to Stowers, whose average weekly wage was $1,865.60 at the time of the industrial accident.  The parties signed an award agreement in October 2015.  The Commission entered an award order in November 2015 approving the parties' agreement for the payment of compensation under the Act.  The award included weekly payments in the amount of $967 during temporary total disability and lifetime medical benefits "for reasonable, necessary and authorized medical treatment" for Stowers'

---

[1] Stowers' assignment of error states:

> The March 4, 2021, opinion of the Workers Compensation Commission and the underlying related orders are in error since the decisions award a right of recovery from a third-party settlement against non-compensable damage recoveries from the third-party settlement and as such these non-compensable damage recoveries are not damages which the injured party recovered from a third party within the meaning of 65.2-309 of the Code of Virginia of 1950 as amended.

[2] A hasp is a device that is manually inserted into the controls of a machine which physically restricts the reengagement of the equipment when it has been shut off for repair or maintenance.  Appellant's Br. at 2.

workplace injuries, specifically his "basilar skull fracture, left forearm/wrist fractures/lacerations, frozen left shoulder and post-concussive syndrome."

After Stowers returned to work in January 2016, the Commission entered additional award orders for permanent partial disability and various temporary partial disability awards. On October 30, 2017, by agreement of the parties, the Commission entered a stipulated order awarding Stowers compensation for various periods of temporary partial disability with continuing temporary partial disability to be determined quarterly based on Stowers' earnings at light duty. The stipulated order stated that Stowers earned above his pre-injury average weekly wage beginning March 6, 2017.

In June 2017, Stowers filed a complaint against the third-party manufacturer of the defective hasp in the United States District Court for the Western District of Virginia.[3] Stowers sought $10,000,000 (ten million dollars) in compensatory damages for his at-work injuries including, *inter alia*, damages for his suffering of "great pain of body and mind."

In November 2017, the employer filed a notice of lien and petition of lien in Stowers' third-party civil action, pursuant to Code § 65.2-310. The employer's petition asked the trial court to (i) ascertain the exact amount of its statutory lien, i.e., the amount of the employer's compensation payments and expenses under the provisions of the Act, and (ii) order payment of the statutory subrogation amount to the employer from the proceeds of any judgment or compromise settlement.

Stowers settled his third-party product liability suit for $550,000 (five hundred fifty thousand dollars) on the eve of trial in April 2018. Neither party negotiated with the employer to

_____

[3] Stowers' third-party settlement was with 529900 Ontario Limited, a/k/a Niagara Safety Products, a Canadian safety equipment manufacturer.

- 3 -

compromise its lien in order to facilitate the third-party settlement. The federal trial court dismissed the case with prejudice pursuant to the parties' agreement and stipulation.

After Stowers resolved his federal third-party suit by settlement, the employer sought payment from Stowers' counsel of the employer's total workers' compensation lien to date. Stowers' counsel paid the employer $241,215.83, comprising $186,671.07 for payments made for wage-based claims and $54,544.76 for medical expenses. The parties agreed that these payments satisfied the employer's lien to date as of October 2018.

In November 2020, the employer moved the Commission for entry of a third-party order. The employer's motion stated that Stowers had settled a claim against a third-party for $550,000 for injuries from his occupational accident. The motion stated that the employer's statutory lien at the time of the third-party recovery was $241,215.83 and had been satisfied to date. Employer requested that the third-party order provide a 37.859% cost recovery ratio for future compensation based on the third-party settlement amount and the amount of Stowers' attorney fees and costs for the third-party litigation. The employer stated that the parties agreed that reimbursement to Stowers arising from indemnity benefits shall be paid directly to Stowers on a weekly basis and that reimbursement of any medical entitlements shall be paid directly to the medical provider.

A third-party order entered by the Commission on November 23, 2020, was superseded by an amended third-party order entered on December 1, 2020, which included corrected information about the total amount of third-party settlement attorney fees and costs.[4] The amended third-party order recognized that a third-party recovery in the amount of $550,000 had been received on Stowers' claim. The order stated that the employer had received $241,215.83

---

[4] The employer's motion to correct the third-party order stated that the correct total amount of third-party settlement attorney fees and costs is $208,223.75, resulting in a 37.859% cost recovery ratio.

- 4 -

in satisfaction of the employer's lien amount to date. Pursuant to Code § 65.2-313, the Commission ordered that the employer is entitled to a credit of $308,784.17 against its liability for additional compensation payments and medical expenses, after which its responsibility to make such payments shall resume. The order stated that the employer is responsible for a *pro rata* of expenses and attorney fees, as required by Code § 65.2-311. The order provided that Stowers remains entitled to a reimbursement of attorney fees and expenses at the rate of 37.859% of any additional compensation and/or medical entitlements as they are incurred, to be paid by employer directly to Stowers on a quarterly basis from the date of the order. In addition, the order required Stowers to provide the employer with medical bills when a *pro rata* reimbursement is sought.

Stowers subsequently filed a request for review of the December 1, 2020 amended third-party order. Stowers contended that the Commission erred in (i) granting the employer a credit and reimbursement in the amount of $308,784.17 against its future liabilities and (ii) ruling that employer is entitled to a lien recovery against that portion of the personal injury recovery which related to pain and suffering and other non-compensable damages. The Commission reviewed the case only on the record with no written statements.

The Commission affirmed the December 1, 2020 amended third-party order by an opinion dated March 4, 2021. The Commission "den[ied] the claimant's request to reduce the corpus of the third-party recovery subject to subrogation." Citing *Liberty Mutual Ins. Co. v. Fisher*, 263 Va. 78, 81 (2002), *Eghbal v. Boston Coach Corp.*, 23 Va. App. 634, 638 (1996), *Emberton v. White Supply & Glass Co.*, 43 Va. App. 452, 457 (2004), and Code §§ 65.2-309 through 65.2-313, the Commission ruled that "the Act and these precedents do not allow any deduction from the gross recovery for any non-compensable damages recovered." The Commission concluded that the credit to employer was accurately calculated: "[t]he gross

recovery of $550,000.00 less the [employer's] statutory lien at the time of the settlement, $241,215.83, equals the awarded credit of $308,784.17."

The Commission also concluded that the amended third-party order included the correct cost recovery ratio, which is set by Code § 65.2-313. The Commission explained that "[t]he correct cost recovery ratio equals the total costs and attorney's fees expended in the third party action divided by the gross recovery. The total costs and attorney's fees of $208,223.75 divided by the total recovery of $550,000.00 equals 37.859%." Accordingly, the Commission affirmed the amended third-party order.

Stowers' appeal to this Court followed.

## II. ANALYSIS

### A. Standard of Review

On appellate review of a decision by the Commission, this Court "construe[s] the Workers' Compensation Act liberally for the benefit of employees to effectuate its remedial purpose of making injured workers whole." *Intercept Youth Servs., Inc. v. Est. of Lopez*, 71 Va. App. 760, 767 (2020) (quoting *Advance Auto & Indem. Ins. Co. of N. Am. v. Craft*, 63 Va. App. 502, 514 (2014)). "The [C]omission's construction of the Act is entitled to great weight on appeal." *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 702 (2012) (quoting *Fairfax Cnty. Sch. Bd. v. Humphrey*, 41 Va. App. 147, 155 (2003)). However, "when an issue involves a pure question of statutory interpretation, that issue does not invoke the [Commission]'s specialized competence . . . ." *Alliance to Save the Mattaponi v. Commonwealth*, 270 Va. 423, 442 (2005). "An issue of statutory interpretation is a pure question of law which we review *de novo*." *Ford Motor Co. v. Gordon*, 281 Va. 543, 549 (2011). As stated in *Ford Motor Co.*:

> When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give

- 6 -

effect to the legislature's intention as expressed by the language
used unless a literal interpretation of the language would result in a
manifest absurdity. If a statute is subject to more than one
interpretation, we must apply the interpretation that will carry out
the legislative intent behind the statute.

*Id.* (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)).

### B. Code §§ 65.2-309 through 65.2-313

Stowers asserts on appeal that the Commission erred in interpreting Code § 65.2-309 in

deciding that "non-compensable damage recoveries" from his third-party settlement, including

damages for pain and suffering, are subject to the employer's statutory right to subrogation. In

construing the Act,

> we have a duty, whenever possible, to interpret the several parts of
> a statute as a consistent and harmonious whole so as to effectuate
> the legislative goal. Generally, the Court will look to the whole
> body of [a statute] to determine the true intention of each part. [A]
> statute should be read and considered as a whole, and the language
> of a statute should be examined in its entirety to determine the
> intent of the General Assembly from the words contained in the
> statute. In doing so, the various parts of the statute should be
> harmonized so that, if practicable, each is given a sensible and
> intelligent effect.

*Ford Motor Co.*, 281 Va. at 549-50 (alterations in original) (quoting *Oraee v. Breeding*, 270 Va.

488, 498 (2005)).

Code § 65.2-309(A) states:

> A claim against an employer under this title for injury,
> occupational disease, or death benefits shall create a lien on behalf
> of the employer against any verdict or settlement arising from any
> right to recover damages which the injured employee, his personal
> representative or other person may have against any other party for
> such injury, occupational disease, or death, and such employer also
> shall be subrogated to any such right and may enforce, in his own
> name or in the name of the injured employee or his personal
> representative, the legal liability of such other party. . . .

Code § 65.2-309 provides subrogation rights to an employer when an employee to whom the

employer paid workers' compensation benefits recovers damages from a third party for his

- 7 -

at-work injuries. *See Emberton*, 43 Va. App. at 457. "The employer's subrogation rights are triggered automatically when the injured employee files a claim against the employer and thereby assigns to the employer any claims against third parties." *Tomlin v. Vance Int'l, Inc.*, 22 Va. App. 448, 452 (1996).

Pursuant to Code § 65.2-309(A), the employer is subrogated to Stowers' rights against the third-party manufacturer whose defective equipment caused the accidental injuries for which the employer paid workers' compensation. Under Code § 65.2-309, the employer's payment of workers' compensation benefits to Stowers substitutes the employer in the place of Stowers "with respect to *any* right of recovery [Stowers] may have against the third party *to the extent of employer's payment of such benefits*." *Emberton*, 43 Va. App. at 459 (quoting *Yellow Freight Sys., Inc. v. Courtaulds Performance Films, Inc.*, 266 Va. 57, 64 (2003) (first emphasis added)).

"The purpose of [Code § 65.2-309(A)] is to reimburse an employer who is compelled to pay compensation as a result of the negligence of a third party and to prevent an employee from obtaining a double recovery of funds." *Williams v. Cap. Hospice & Companion Prop. & Cas. Ins. Co.*, 66 Va. App. 161, 168 (2016) (quoting *Tomlin*, 22 Va. App. at 452). "The only restriction that Code § 65.2-309 imposes on the employer's lien rights is set forth in Code § 65.2-309(C), which takes effect when those lien rights are asserted in a compromise settlement arising from an action that the employer has initiated against a third party." *Id.* (quoting *Liberty Mutual*, 263 Va. at 85).

Code § 65.2-310 allows an employer to recover compensation paid to its employee and other expenses paid on behalf of the employee when the employee files an independent action against the third party responsible for his at-work injuries. In relevant part, Code § 65.2-310 provides:

> In any action by an employee . . . against any person other than the employer, the court shall, after reasonable notice to the parties and

the employer, ascertain the amount of compensation paid and expenses for medical, surgical and hospital attention and supplies, and funeral expenses incurred by the employer under the provisions of this title . . . ; and, in event of judgment against such person other than the employer, the court shall in its order require that the judgment debtor pay such compensation and expenses of the employer[.]

Here, the employer filed a notice and petition of lien in Stowers' third-party civil action. After Stowers and the third-party manufacturer agreed to a settlement of Stowers' product liability claim, the federal trial court entered a stipulated dismissal order without addressing the employer's statutory lien under Code § 65.2-309. However, "[t]he language of Code § 65.2-310 does not limit the lien rights created by Code § 65.2-309 when a compromise settlement is reached in a third-party action brought by an injured employee or her personal representative."[5] *Williams*, 66 Va. App. at 169 (quoting *Liberty Mutual*, 263 Va. at 85). "[T]he language of Code §§ 65.2-309 and [65.2]-310, considered together, permits an employer to assert its statutory lien against *any* recovery obtained in an action brought against a third party liable for the employee's injury or death." *Id*. (emphasis added).

Pursuant to Code § 65.2-311, an employer who receives reimbursement of its payment of workers' compensation benefits from an employee's third-party settlement is required to pay its *pro rata* share of the employee's reasonable expenses and attorney fees in effecting the recovery. *See Wood v. Caudle-Hyatt, Inc.*, 18 Va. App. 391, 399 (1994). Except in cases under Code § 65.2-311(B) where "the employer is required to institute an action against any party to recover some or all of its lien pursuant to subsection D of § 65.2-309," Code § 65.2-311(A) provides:

[I]n any action, or claim for damages, by an employee . . . against any person other than the employer, . . . if a recovery is effected, either by judgment or voluntary settlement, the reasonable expenses and reasonable attorney's fees of such claimants shall be

_____

[5] Code §§ 65.2-309 and 65.2-310 contain provisions for apportionment of attorney fees and costs between the employer and the employee, but these provisions are not at issue in this appeal.

apportioned *pro rata* between the employer and the employee, his personal representative or other person, as their respective interests may appear.

Thus, under Code § 65.2-311, an employee "is not required to bear the full financial burden of recovering . . . tort damages which benefit the employer." *See Wood*, 18 Va. App. at 399.

Code § 65.2-313 provides the method of determining an employer's offset or credit where the amount of an employee's recovery from a third-party tortfeasor exceeds the amount of the employer's past payment of workers' compensation benefits. *See Emberton*, 43 Va. App. at 459 (citing *Hawkins v. Commonwealth/Southside Va. Training Center*, 255 Va. 261 (1998)). Under these circumstances, the employee's third-party recovery exceeds the amount of the employer's statutory lien at the time of recovery. *See id.* at 457-58 (citing *McKnight v. Work Env't Assocs. & Travelers*, 43 Va. App. 189, 194 (2004)). Here, at the time of Stowers' third-party settlement, the amount of Stowers' third-party recovery exceeded the amount of the employer's statutory lien.

Code § 65.2-313 provides:

> In any action or claim for damages by an employee . . . against any person other than the employer under § 65.2-310, or in any action brought, or claim asserted, by the employer under his right of subrogation provided for in § 65.2-309, if a recovery is effected, the employer shall pay to the employee a percentage of each further entitlement as it is submitted equal to the ratio the total attorney's fees and costs bear to the total third-party recovery until such time as the accrued post-recovery entitlement equals that sum which is the difference between the gross recovery and the employer's compensation lien. In ordering payments under this section, the Commission shall take into account any apportionment made pursuant to § 65.2-311.
>
> For the purposes of this section, "entitlement" means compensation and expenses for medical, surgical and hospital attention and funeral expenses to which the claimant is entitled under the provisions of this title, which entitlements are related to the injury for which the third-party recovery was effected.

Under this statute, a portion of the employer's payments of Stowers' "further entitlements" may be offset as a credit, "based on the ratio of attorney's fees to the settlement, until 'post-recovery entitlement equals that sum which is the difference between the gross recovery and the employer's compensation lien.'" *Emberton*, 43 Va. App. at 458 (quoting Code § 65.2-313); *see also Eghbal*, 23 Va. App. at 638-39.

Upon Stowers' realization of the third-party recovery, the employer "was entitled to reimbursement for benefits that it had paid, less its proportionate share of recovery costs." *Id.* at 638; *see* Code §§ 65.2-310 and 65.2-311. The employer "was entitled to the suspension of its liability for the payment of further benefits until the third-party recovery was exhausted." *Id.* at 639. However, the employer "remained liable to [Stowers] for the recovery costs of each increment of offset, as it accrued." *Id.*; *see* Code § 65.2-313.

The Commission's amended third-party order addressed the employer's entitlements and liabilities under Code §§ 65.2-310, 65.2-311, and 65.2-313. From the total third-party recovery of $550,000, the amount of the employer's lien for previously-paid workers' compensation benefits—$241,215.83—was subtracted. The difference, which the Commission determined to be $308,784.17, is the offset or credit against future compensation liability to which employer is entitled under the Commission's order. The Commission determined the cost recovery ratio by dividing the total costs and attorney fees of $208,223.75 by the total recovery of $550,000, which equals 37.859%. *See* Code § 65.2-313. Under the amended third-party order, the process of reimbursing employer from Stowers' third-party recovery will proceed as follows:

> As each increment of [Stowers'] future entitlement accrues, [employer] will be entitled to an offset. However, as each increment accrues, [employer] will reimburse [Stowers] for the recovery costs attributable to that increment. Thus, at any given time, [employer] will have received its full entitlement from the third-party recovery and [Stowers] will have been reimbursed for the recovery costs attributable to the benefit received by [employer]. The proceeds of the third-party recovery will remain

> in [Stowers'] hands, as his property, until such time as they are charged to [employer's] offset. To the extent that those proceeds remain [Stowers'] property, he has been charged with their recovery costs. However, as each increment of offset accrues to the benefit of [employer], [employer] will reimburse [Stowers] the recovery costs attributable to that increment.

*Eghbal*, 23 Va. App. at 639.

### C. Stowers' Interpretation of Code § 65.2-309

According to Stowers' proposed construction of Code § 65.2-309, "non-compensable damage recoveries" from his third-party settlement are not subject to employer's statutory right to subrogation. Because damages for pain and suffering and legal inconvenience are not covered by workers' compensation benefits, Stowers argues that such damages should be subtracted from the total amount of his third-party recovery to determine the base amount of the recovery subject to the employer's subrogation rights.

Stowers' proposed reading of Code § 65.2-309 focuses on the phrase "for such injury," italicized below:

> A claim against an employer under this title for *injury*, occupational disease, or death benefits shall create a lien on behalf of the employer against any verdict or settlement arising from any right to recover damages which the injured employee . . . may have against any other party *for such injury* . . . or death . . . .

Code § 65.2-309(A) (emphasis added). Stowers argues that in the context of this statute, the phrase "for such injury" refers to "injury" in the opening phrase, "[a] claim against an employer under this title for injury . . . benefits . . . ." In this context, Stowers contends that "injury" means *compensable* injury. On this reading, an employer would have no statutory lien against an employee's third-party recovery of damages for pain and suffering, legal inconvenience, or other non-compensable damage recoveries. In support of this reading, Stowers notes that the Act should be liberally construed to give relief to workers. Stowers also contends that his reading of Code § 65.2-309 is in accord with the legislative purpose to prevent an employee from obtaining

- 12 -

a double recovery because the only possible recovery of damages for pain and suffering from at-work injuries is from a third party. Accordingly, excluding non-compensable damages from the employer's lien against an employee's third-party recovery does not deny the employer *reimbursement* because the employer cannot be *reimbursed* for something that it did not pay in the first place.

Stowers contends that this issue has not been directly decided in Virginia, and therefore urges this Court to take guidance from Massachusetts appellate courts, which resolved the issue in favor of the employee. Appellant's Br. at 6 (citing *DiCarlo v. Suffolk Const. Co.*, 45 N.E.3d 571, 573 (Mass. 2016) (holding that an insurer's workers' compensation lien does not extend to damages allocated to an employee's pain and suffering)). In *DiCarlo*, the Massachusetts Supreme Judicial Court construed a section of the Massachusetts workers' compensation statute, which "generally provides that, where an injured employee collects workers' compensation benefits and then recovers damages for the same injury from a third-party tortfeasor, '[t]he sum recovered [from the third party] shall be for the benefit of the [workers' compensation] insurer.'" *DiCarlo*, 45 N.E.3d at 575. The court noted that "[t]he 'sum' to which the insurer is entitled is described, in the next sentence, as 'the gross sum received in payment for the injury.'" *Id*. This statute "provides an insurer with a lien on the 'gross sum received in payment *for the injury*.'" *Id*. at 576 (emphasis added). Given that "[i]n the section's opening phrase, 'injury' is used narrowly to refer to 'the injury for which [workers'] compensation is payable,'" the court concluded that the legislature intended each reference to "injury" in that paragraph to refer to injury for which workers' compensation is payable. On this reading, the court held that the insurer's lien on an employee's third-party recovery does not extend to damages allocated to an employee's pain and suffering because such injury is not compensable under workers' compensation. *Id*. at 576-77.

- 13 -

Additional support for Stowers' position appears to be provided by the Indiana Supreme Court's construction of Indiana's Workers' Compensation Act, which the Supreme Court of Virginia has recognized as serving as the basis for Virginia's Act. *See Giordano v. McBar Indus., Inc.*, 284 Va. 259, 265 n.5 (2012) (Virginia's Act "is based upon Indiana's Workers' Compensation Act, therefore, we have recognized that 'the construction placed upon the Indiana law by the courts of that state merits our consideration.'" (quoting *Barksdale v. H.O. Engen, Inc.*, 218 Va. 496, 499 (1977))). In *Walkup v. Wabash Nat. Corp.*, 702 N.E.2d 713, 715 (Ind. 1998), the Indiana Supreme Court construed the workers' compensation statute "which provides for a lien by a worker's compensation carrier on '*any* settlement award, judgment or fund out of which the employee might be compensated from the third party.'" *Id*. The court noted that emphasis on the single word "any" is misplaced because "[t]his ignores the fact that the entire section, including the lien provision, applies to injuries 'for which compensation is payable under' the worker's compensation law." *Id*. The court held that where damages from an employee's third-party recovery are exclusively for injuries that are not compensable under the Act, such damages are not subject to the employer's workers' compensation lien. *Id*. at 715-16. The court noted that this reading of the Act serves the legislative purpose "to prevent the injured employee from recovering twice at the expense of the employer." *Id*. at 715. Moreover, the court concluded that the injured employee would not be made whole if a lien was allowed on a third-party recovery of damages for non-compensable injuries. *Id*.

The Indiana Supreme Court distinguished its decision in *Walkup* from the Indiana Court of Appeals' decision in *Dearing v. Perry*, 499 N.E.2d 268 (Ind. Ct. App. 1986), which appeared to reach a contrary holding. In *Dearing*, the court held that recovery for pain and suffering from the third-party tortfeasor *is* subject to a lien by a worker's compensation carrier. However, according to the Indiana Supreme Court, this holding was based on the appellate court's finding

that "the parties colluded to 'arbitrarily apportion the settlement to evade a statutory lien'" that was enforceable against Dearing's settlement. *Walkup*, 702 N.E.2d at 715 (citing *Dearing*, 499 N.E.2d at 271). "Under those facts, where the tortfeasor had exposure to lienable items and the allocation between lienable and nonlienable items is unknown, the Court of Appeals held that the lien is valid." *Id.* at 716. The Indiana Supreme Court concluded that the facts in *Dearing* were distinguished from the facts in *Walkup*, where no collusion was involved. *Id.*

We cannot accept Stowers' invitation to follow Massachusetts caselaw because our decision is guided by the statutory construction of Code § 65.2-309 in *Liberty Mutual*, 263 Va. at 81.[6] The holding in *Liberty Mutual* leads us to reject Stowers' interpretation of Code § 65.2-309, which would limit an employer's lien on an employee's third-party recovery to damages for compensable injuries. Although *Liberty Mutual* does not address the specific issue raised by Stowers, it holds that an employer's statutory lien may be asserted "against *any* recovery obtained in an action brought against a third party liable for the employee's injury or death." *Id.* at 85.

In *Liberty Mutual*, the Virginia Supreme Court considered a settlement of a third-party wrongful death action and determined that the employer was erroneously barred from recovering under a workers' compensation lien. A workers' compensation claim was filed after a nursing home employee was killed in a tragic train accident. The decedent's two minor dependents were awarded workers' compensation benefits. Subsequently, the decedent's brother and adult daughter filed a wrongful death action against Amtrack and CSX Transportation, Inc. While a $250,000 settlement was pending court approval, the decedent's employer and the employer's insurance carrier, Liberty Mutual, sought to intervene in the wrongful death action based on

---

[6] Code § 65.2-309 has been amended twice since *Liberty Mutual* was decided, in 2004 and 2017, but these statutory amendments did not change or clarify the meaning of "injury" in Code § 65.2-309.

Code §§ 65.2-309 and 65.2-310. Liberty Mutual asked the trial court to order Amtrack and CSX to pay Liberty Mutual the amount of all compensation benefits paid and expenses incurred by Liberty Mutual on decedent's behalf. The legal guardian and the trustee of one of the decedent's minor dependents renounced that dependent's right to receive any proceeds from the wrongful death settlement. The trial court ruled that Liberty Mutual could assert its right to subrogation on behalf of each individual recipient of workers' compensation benefits only to the extent that the individual has recovered money in the third-party settlement. Liberty Mutual argued on appeal that the employer's lien created by Code § 65.2-309 attaches whether or not the recipient of workers' compensation benefits participated in the settlement.

The Virginia Supreme Court held in *Liberty Mutual* "that the language of Code §§ 65.2-309 and [65.2]-310, considered together, permits an employer to assert its statutory lien against *any* recovery obtained in an action brought against a third party liable for the employee's injury or death."[7] *Id*. The Supreme Court noted that "Code § 65.2-309(A) assigns to the employer '*any* right to recover damages which the injured employee, his personal representative or other person may have against any other party for such injury or death . . . .'" *Id*. Thus, the Supreme Court interpreted the word "any" in Code § 65.2-309(A) as having expansive meaning, in keeping with its plain meaning. *See United States v. Gonzales*, 520 U.S. 1, 5 (1997) ("Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" (quoting *Webster's Third New International Dictionary* 97 (1976))).

---

[7] Prior to the 2004 amendment to Code § 65.2-309, an employer's payment of compensation benefits did not create an actual lien against an employee's third-party recovery. Rather, the employer had a subrogation interest in an employee's third-party recovery that the employer had to enforce independently or perfect prior to verdict. *See* 2004 Va. Acts ch. 941; *see also Yellow Freight*, 266 Va. at 63 ("It is also clear that Code § 65.2-309 does not refer to 'lien rights' but, rather, to a 'right of subrogation' in favor of the employer who has paid benefits to or on behalf of an injured employee. Our use of the term 'lien rights' in *Liberty Mutual* was merely a generic reference to the employer's rights under Code § 65.2-309.").

Additionally, the Supreme Court held in *Liberty Mutual* that "[t]he *only* restriction that Code § 65.2-309 imposes on the employer's lien rights is set forth in Code § 65.2-309(C), which takes effect when those lien rights are asserted in a compromise settlement arising from an action that the employer has initiated against a third party." 263 Va. at 85 (emphasis added).

The Supreme Court further observed in *Liberty Mutual* that the appellee's

> interpretation [of Code § 65.2-309] also would improperly allow employees who settle their claims against third parties to shield their recovery from an employer's lien. Such a result would directly conflict with the established principle that an employee may not prosecute an action against a negligent third party to the prejudice of an employer's lien rights.

*Id.* at 86. This analysis would also serve as a basis for rejecting Stowers' proposed interpretation of Code § 65.2-309 on the grounds that it would allow employees to shield their third-party recovery from an employer's lien by classifying the damages as non-compensable. *See* 10 Lex K. Larson & Thomas A Robinson, *Larson's Workers' Compensation Law* § 117.05 (Matthew Bender, rev. ed. 2021) (noting that "the prevailing rule" in the United States refuses to place an employee's third-party recovery of damages for pain and suffering outside the reach of the employer's lien).

Moreover, even if the *Liberty Mutual* holdings were not dispositive in this appeal, consideration of the record would preclude this Court from granting Stowers' requested relief. As Stowers acknowledges, the record is "devoid of valuations concerning the value of the damage categories." Appellant's Br. at 8. Thus, there is no basis for finding that Stowers' third-party settlement included any non-compensable damages. To remedy this deficiency, Stowers requests that the case be "remanded to allow the creation of a more complete record concerning the dollar value of damage categories and a determination of an allocation of damage values and lien recoveries with respect to the third-party settlement." *Id.* at 9. However, without a factual basis for finding that Stowers' third-party settlement included any non-compensable

damages, there is no basis for finding error in the Commission's calculation of the employer's credit against its future compensation liabilities.

## III. CONCLUSION

The Commission properly construed and applied Code § 65.2-309 in denying Stowers' request to exclude non-compensable damages from the amount of the third-party recovery subject to employer's right of subrogation. Accordingly, we affirm the Commission's decision.[8]

*Affirmed.*

---

[8] Stowers moved this Court to take judicial notice of particular pleadings and orders in the third-party federal civil action related to this appeal. However, because the parties conceded at oral argument that it is not necessary for this Court to take judicial notice of these documents to resolve this appeal, the motion is denied.